UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 23-07348-MWF (RAOx) | Date:  October 24, 2023 |
| Title: | Tiffany Feder v. Mercedez-Benz USA, LLC | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [7]

Before the Court is Plaintiff Tiffany Feder's Motion for Remand (the "Motion"), filed on September 18, 2023. (Docket No. 7). Named Defendant Mercedes-Benz USA, LLC ("MBUSA") did not file an Opposition.

The Court has read and considered the papers on this Motion and deems the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**. Plaintiff has failed to provide evidence to dispute the diversity of citizenship of the parties and also has not properly challenged MBUSA's alleged amount in controversy.

## I.   BACKGROUND

On July 10, 2023, Plaintiff filed this action in Los Angeles Superior Court, asserting that Defendant violated the Song-Beverly Consumer Warranty Act. (Notice of Removal ("NoR") (Docket No. 1); Complaint (Docket No. 1-1)).

Plaintiff's claims arise from the purchase of a 2023 Mercedes-Benz EQS450X (the "Subject Vehicle") and Defendants alleged failure to conform the vehicle to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-07348-MWF (RAOx)          Date:  October 24, 2023
Title:    Tiffany Feder v. Mercedez-Benz USA, LLC

applicable warranties after a reasonable number of repair attempts.  (Complaint ¶¶ 6–36).

MBUSA removed the action under diversity jurisdiction.  MBUSA states that (1) Plaintiff is a citizen of California; (2) MBUSA, as the only named Defendant, is a limited liability company organized under the laws of Delaware, with its principal place of business in Georgia.  Additionally, MBUSA has only one member, Mercedes-Benz North America Corporation ("MBNAC"), which is a corporation organized under the laws of Delaware with its principal place of business in Farmington Hills, Michigan; and (3) the amount in controversy is met because Plaintiff is seeking restitution, including the entire price paid or payable for the Subject Vehicle, incidental and consequential damages, civil penalties, reasonable attorney's fees, costs of suit, and other relief the court deems proper.  MBUSA contends that the value of the vehicle alone is around $104,400.  (NOR ¶¶ 5,7, 10).

## II.   LEGAL STANDARD

A motion to remand is the vehicle used to challenge the removal of an action.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c).  In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction.  *See* 28 U.S.C. § 1441.

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The removing party has the burden to establish that it was proper to do so.  *Id.*  "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case."  *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-07348-MWF (RAOx)           Date:  October 24, 2023
Title:      Tiffany Feder v. Mercedez-Benz USA, LLC

questioned by the court." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)).  Therefore, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* (quoting *Dart Cherokee*, 574 U.S. at 89).  If "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (quoting *Dart Cherokee*, 574 U.S. at 88).

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.*

"[A] damages assessment may require a chain of reasoning that includes assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).  "When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.*  Thus, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197. " The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' " *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

### III.  **DISCUSSION**

Plaintiff argues that remand is appropriate because MBUSA fails to carry its burden (1) establishing diversity of the parties' citizenship and (2) that the amount in controversy exceeds $75,000.  (Motion at 5).

---

**CIVIL MINUTES—GENERAL**                                                                 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-07348-MWF (RAOx)			Date:  October 24, 2023
Title:	Tiffany Feder v. Mercedez-Benz USA, LLC

### A.	Diversity of Citizenship

Plaintiff states in her Motion that she is a citizen of California and argues that because MBUSA transacts business in the State of California, that the citizenship of the parties is not diverse.  (Motion at 3, 6).

The citizenship of a limited liability company for diversity purposes is determined by the citizenship of each member of the company.  *Johnson v. Columbia Properties. Anchorage, LP,* 437 F.3d 894, 899–900 (9th Cir. 2006).  A member of a limited liability company is a person who has been admitted to a limited liability company as a member.  *See* Cal. Corp. Code, § 17701.02(p); 6 Del. Code, § 18-101(11).  Membership of a limited liability company is not determined by the "state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016).

Plaintiff has failed to provide evidence that MBUSA contains more members besides MBNAC.

### B.	Amount in Controversy

Plaintiff argues that MBUSA has failed to meet its burden to show that the amount in controversy exceeds $75,000 because MBUSA provided the manufacturer suggested retail price when the Subject Vehicle was leased and not purchased.  In the operative Complaint, Plaintiff stated that the Subject Vehicle was purchased not leased.  (Complaint ¶ 6), *see Sholly v. Annan*, 450 F.2d 74, 76 (9th Cir. 1971) ("[A] party is estopped to contradict a position he advocated . . . in prior pleadings (internal citations omitted)).

In addition to actual damages, the Song-Beverly Act permits plaintiffs to recover up to two times the amount of actual damages, which Plaintiff seeks.  *See* Cal. Civ. Code § 1794(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 23-07348-MWF (RAOx)         **Date:**  October 24, 2023
**Title:**     Tiffany Feder v. Mercedez-Benz USA, LLC

By contradicting her own pleading and failing to provide other evidence, Plaintiff has not properly challenged MBUSA's alleged amount in controversy in the NOR.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.